IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                    CASE NO. 5:95-CR-50019-TLB

CHAD BEERS                                                                                      DEFENDANT

MEMORANDUM OPINION AND ORDER

Defendant Chad Beers filed a *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) Requesting Compassionate Release (Doc. 74) and a supplement in support (Doc. 75). After the Federal Public Defender was appointed to represent Mr. Beers, his counsel filed another supplement in support (Doc. 85). The Government responded (Doc. 88), and both sides filed Mr. Beers' medical records (Docs. 82, 85-3, 89).

Before the Court could rule on that initial Motion for compassionate release (Doc. 74), at Mr. Beers' request, Mr. Beers' appointed counsel moved to withdraw that Motion and the supporting supplements (Doc. 90). Mr. Beers' counsel also filed a Motion to Withdraw as Attorney (Doc. 91). Mr. Beers then filed a Motion (Doc. 92) in which he reiterated his desire to withdraw his prior motions and supplements for compassionate release. Finally, Mr. Beers filed a new supplemental Motion for Compassionate Release in which he asked to be released to his live with his mother (Doc. 95).

For the reasons explained below, the Court **GRANTS** Mr. Beers' Motions to Withdraw his initial Motion and accompanying supplements (Docs. 90, 92). Mr. Beers' initial Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) Requesting Compassionate Release (Doc. 74) is therefore **DENIED AS MOOT**. The Court also **GRANTS** Mr. Beers'

1

counsel leave to withdraw (Doc. 91).  Finally, for the reasons explained below, the Court **DENIES** Mr. Beers' latest supplemental Motion for Compassionate Release (Doc. 95).

## I.   BACKGROUND

Mr. Beers' federal criminal history is extensive.  He has three federal criminal convictions in the Western District of Arkansas, all of which are related.  In 1993, he was charged in a three-count indictment for aiding and abetting a kidnapping, aiding and abetting the use of a firearm during the commission of a kidnapping, and aiding and abetting the interstate transportation of a stolen vehicle.  *United States v. Chad Allen Beers*, Case No. 2:93-CR-20033-PKH-2, at Doc. 112.  A jury found Mr. Beers guilty on counts 1 and 3 but acquitted him on count 2.  The PSR recounts the facts of the case, which include Mr. Beers tricking an elderly man into giving him a ride, ostensibly to help Mr. Beers fix a flat tire.  *Id.* at p. 4.  Mr. Beers then brandished a weapon at the man, commandeered the vehicle, and drove to Oklahoma with the man still in the vehicle.  *Id.* at p. 5.  Mr. Beers and his accomplice bound the man and left him in a hotel room.  *Id.*  Mr. Beers was sentenced on count 1 to 168 months' imprisonment, 5 years of supervised release, a $15,000 fine, $100 in restitution, and a $50 special assessment.  On count 3 he was sentenced to 21 months' imprisonment, 3 years of supervised release, and a $50 special assessment, to run concurrently with the sentence on count 1.

Then, while waiting designation to a Bureau of Prisons ("BOP") facility following his robbery conviction, Mr. Beers escaped from the Sebastian County Detention Center.  *See United States v. Chad Allen Beers*, 2:94-CR-20039-JLH-1, at Doc. 39.  He was caught in Lincoln, Nebraska, after he attempted to rob a convenience store.  *Id.* at p. 4.  In the course of his apprehension, Mr. Beers fled and threatened an officer with a

screwdriver.  *Id.*  Mr. Beers was charged in a one-count indictment for escape, and a jury found him guilty.  *Id.* at p. 3.  He was ultimately sentenced to the statutory maximum, 60 months' imprisonment, to run consecutively with any other term.

Mr. Beers was apparently undeterred, leading to the instant case.  In 1995, while he was awaiting resolution of his first federal escape charge, he escaped from the Washington County Detention Center (Doc. 32, p. 4).  In order to secure a get-away vehicle, he physically assaulted a woman in her home, took her vehicle, and was ultimately apprehended in Oklahoma.  *Id.*  He was caught after police received a report that a local woman had been knocked off her bicycle and sexually assaulted; Mr. Beers was found by police nearby.  *Id.*  Mr. Beers was then charged in a one-count federal indictment for escape, and a jury convicted Mr. Beers of that charge.  *Id.* at p. 3.  He was sentenced to 60 months' imprisonment, to run consecutively with his other sentences (Doc. 33).

While Mr. Beers has withdrawn most of his motions, his latest Motion for Compassionate Release (Doc. 95) seeks early termination of his sentence or release to home confinement.  In that Motion, Mr. Beers asks the Court to release him to his mother's custody before he catches COVID-19.  *Id.*  He is currently housed at FCI Greenville, where the BOP reports that at present there are 105 inmates and 17 staff members with active cases of COVID-19 out of a population of 1,217 total inmates.[1]

## II.  LEGAL STANDARD

Mr. Beers' request for reduction of sentence and compassionate early release is

---

[1] *See* Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed Nov. 12, 2020); *see also* Fed. Bureau of Prisons, FCI Greenville, https://www.bop.gov/locations/institutions/gre/ (last accessed Nov. 12, 2020).

3

made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). In the past, 18 U.S.C. § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of BOP.  The FSA modified § 3582(c)(1)(A) such that a defendant may now directly petition the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, 2019 WL 161727, at *1 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the FSA; *see also United States v. Perez-Asencio*, 2019 WL 626175, at *2–3 (S.D. Cal. Feb. 14, 2019).

If a defendant fully exhausts administrative remedies, the Court may, upon motion of the defendant, reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).   Mr. Beers does not meet the requirements of § 3582(c)(1)(A)(ii) as he is not yet 70 years old, so his only possible avenue for compassionate release is under § 3582(c)(1)(A)(i).

The starting point in determining what constitutes "extraordinary and compelling

4

reasons" under § 3582(c)(1)(A)(i) is United States Sentencing Guideline ("U.S.S.G") § 3B1.13. As is relevant here, Application Note 1(A)(ii)(I) of § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, other courts have held that § 1B1.13 and its application notes provide guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

Turning to Mr. Beers' remaining Motion for Compassionate Release, the Court's ability to rule on that Motion is dependent on whether Mr. Beers: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). There is record evidence that he requested compassionate release from his warden as early as May 12, 2020. *See* Doc. 85-1. Since more than 30 days have elapsed since that request, the Government concedes that Mr. Beers has exhausted his administrative remedies. The Court agrees and finds that because more than 30 days have lapsed since his request, Mr. Beers has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

## B. Section 3553(a) Factors

The Government concedes that Mr. Beers' obesity is an extraordinary and compelling circumstance under § 3852(c)(1)(A)(i) because it places him at increased risk from a COVID-19 infection.  Further, the Court acknowledges that Mr. Beers may be at an elevated risk of a severe COVID-19 infection in light of his medical history, including his obesity.  *See* Ctrs. for Disease Control and Prevention, People With Certain Medical Conditions,  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 12, 2020) (noting that individuals who are obese may be at increased risk of a severe illness from the virus that causes COVID-19).

Still, the compassionate release analysis does not end there, and the Court concludes that Mr. Beers is not a suitable candidate for early release considering the § 3553(a) factors.  Section 3582(c)(1) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release.  While Mr. Beers is presently in prison for actions he took in the 1990s, his past acts remain shocking. According to the PSR in this case, he robbed a man who was acting as a Good Samaritan and, in order to evade immediate detection by the police, kidnapped that man.  Mr. Beers then escaped custody—twice—and allegedly assaulted two women in the process.  The Court is disturbed by Mr. Beers' past use of violence in furtherance of his criminal activities.  The Court finds that an early release is not appropriate given the seriousness of Mr. Beers' offense and other relevant conduct, the need to promote respect for the law, and the fact that others must be deterred from engaging in similar activities.  Mr. Beers would already be a free man if he had not made the decision to twice escape from

6

custody, and after weighing all of the § 3553(a) factors, the Court finds that early release is simply not appropriate in Mr. Beers' case.[2]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Motions to Withdraw (Docs. 90, 92) Mr. Beers' initial Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) Requesting Compassionate Release and accompanying supplements are **GRANTED**;

2. Since it has been withdrawn, Mr. Beers' initial Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) Requesting Compassionate Release (Doc. 74) is **DENIED AS MOOT**;

3. Counsel's Motion to Withdraw as Attorney (Doc. 91) is **GRANTED**;

4. Mr. Beers' latest supplemental Motion for Compassionate Release (Doc. 95) is **DENIED**.

**IT IS SO ORDERED** on this 17th day of November, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Mr. Beers asks to serve the remainder of his sentence in home confinement, the First Step Act gives only the BOP—not the Court—the power to decide where Mr. Beers serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).