IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                                      NO. 95-50019

CHAD A. BEERS                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's pro se **Motion for Relief (Doc. 93).** For the reasons stated herein, the undersigned recommends that the **Motion** be **DENIED**.

Defendant's extensive criminal history is outlined in a Memorandum Opinion and Ordered entered in this case on November 17, 2020. (Doc. 96). In the Motion currently before the Court, Defendant seeks relief under 18 U.S.C. § 3582(c)(1)(A), asserting: "Fifteen years ago, the Bureau of Prison ("BOP") completed a new sentence computation for me. After my review, I noticed that the BOP had not given me any time credit for the time I spent in Washington County Jail after my October 23, 1995 arrest by the United States Marshal Service (USMS) for the escape charged in this case." (Doc. 93 at pg. 1.)

Defendant acknowledges that he has litigated the issue of whether he should receive credit towards his sentence by filing actions in federal district court in Kansas and in Illinois. Both jurisdictions have denied Defendant relief, finding that "[a]ll of the time Beers spent in custody has been credited toward a state sentence or his federal sentence. Beers has not served any time that was not credited toward one of his sentences." Beers v. Werlich, No. 19-cv-606-NJR, 2020 WL 3962251, *3 (S.D. Ill. July 3, 2020). Defendant asserts that this Court, as the

sentencing court, can grant him relief "without having to address the correctness of the other court's findings," by simply reducing his sentence under Section 3582(c)(1)(A) "to account for the seven months I spent in jail after my arrest in this case." (Doc. 93 at pg. 6.)

Section 3582(c)(1)(A)(i) permits a sentencing court, upon the fling of a motion by the BOP or by the defendant after exhausting all administrative remedies, to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such reduction." The undersigned finds that the Defendant has not demonstrated extraordinary and compelling reasons warranting a sentence reduction, as the Defendant had another remedy for any sentence miscalculation - the filing of a habeas petition pursuant to 28 U.S.C. § 2241. Defendant pursued this remedy and was found not to be entitled to relief. Defendant cannot now "'do an end-run around . . . § 2241 by invoking § 3582(c)(1)(A)(i)'" United States v. Garcia, No. 5:18-CR-00290-01, 2020 WL 3490223, *2 (W.D. La. Jun. 26, 2020).

Based upon the foregoing, the undersigned recommends that Defendant's **Motion for Relief (Doc. 93)** be **DENIED**. **The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of April, 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)